UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL S. OVIATT,

      Plaintiff,

v.

UNIVERSITY OF MICHIGAN REGENTS, ET AL.,

      Defendants.

Case No. 18-11819

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DISMISSING OBSTRUCTION OF JUSTICE CLAIM, DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS [15, 16], AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

*Pro se* Plaintiff Jill S. Oviatt filed a Complaint [Dkt. #1] on June 7, 2018 against the University of Michigan ("U of M") Regents, the former president of U of M Lee C. Bollinger,[1] and Associate General Counsel with the U of M Office of the Vice President and General Counsel Richard Brandon. That same day, Plaintiff filed a Notice of Service [6] in which she claimed to have served Defendants.[2] One week later, Plaintiff filed a document labeled "Certified Mail return cards" [7].

Plaintiff filed an Amended Complaint [8] on June 18, 2018, as well as two Notices of Service [9, 10], in which she again claimed to have served Defendants. As

---

[1] The Court's research revealed that Mr. Bollinger is currently the president of Columbia University. *See Office of the President*, COLUMBIA.EDU, https://president.columbia.edu/content/about-president (last visited July 10, 2018).

[2] Fed. R. Civ. P. 4(c)(2) prohibits the service of a summons and complaint by a party.

of the date of this Order, Defendant Bollinger is the only party who has not appeared in this action.

On July 3, 2018, Plaintiff filed an Order for Entry of Default [13]. That same day, Defendants Richard Brandon and U of M, through counsel, filed an Objection to Plaintiff's Request for Entry of Default [12].

On July 10, 2018, Plaintiff filed two Motions for Sanctions [15, 16], as well as a document titled "Amnesty Affidavit" [17].

Plaintiff's filings are hard to decipher. It appears that Plaintiff asserts a claim for hostile work environment based on sexual harassment. She also brings claims for disparate treatment and obstruction of justice. (Am. Compl. at 2, 5-7).

"[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). That said, "*pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law." *Weron v. Cherry*, 2008 WL 4614335, at *2 (E.D. Tenn. Oct. 14, 2008). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). In other words, "the lenient treatment generally accorded to pro se litigants has limits," and they are "not automatically

entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

For the reasons discussed below, the Court will dismiss Plaintiff's obstruction of justice claim. To the extent Plaintiff requests entry of default, that request is **DENIED**. Plaintiff's Motions for Sanctions [15, 16] are **DENIED**. Plaintiff is also directed to **SHOW CAUSE** why the case should not be dismissed against Defendants for failure to state a claim upon which relief can be granted.

## I. Sexual harassment/hostile work environment claim

Plaintiff seems to allege that Brandon's conduct created a hostile work environment, and that the University knew of and condoned such conduct. It is unclear whether Plaintiff brings this claim under Michigan's Elliot Larsen Civil Rights Act ("ELCRA") or Title VII, 42 U.S.C. § 2000e, *et seq*. Accordingly, the Court will examine Plaintiff's claims under both statutes.

To establish a prima facie case of hostile work environment sexual harassment under Title VII, Plaintiff must show that

> (1) she belonged to a protected group; (2) she was subjected to unwanted harassment; (3) the harassment was based upon her protected status; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known about the harassing conduct but failed to take any corrective or preventive actions.

*Michael v. Caterpillar Financial Services Corp.*, 496 F.3d 584, 600 (6th Cir. 2007) (internal quotations omitted).

Similarly, under the ECLRA, Plaintiff "must demonstrate the first four elements in addition to showing that the conduct or communication was actually sexual in nature (not simply based on gender) as well as respondeat superior." *Marotta v. Ford Motor Co.*, 119 F.Supp.3d 676, 688 (E.D. Mich. 2015) (citing *Haynie v. State*, 468 Mich. 302 (2003)). "By contrast, under Title VII, the alleged conduct or communication need not be overtly sexual, so long as it stems from an 'anti-female animus'; put differently, it suffices that the employee would not have suffered such conduct but for the fact that she is female." *Id.* at 688-89 (citing *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 565-66 (6th Cir. 1999)).

Plaintiff states that Defendant Richard Brandon "made a pursuit of [her]" as follows:

> a) as a domination Master creating a unilateral contract performance between his Dominant and the target submissive employee Plaintiff, and
> b) as a Game player with standing recognized by University, making move scores upon employee Plaintiff as money and injury source.

(Am. Compl. at 3).

Plaintiff also claims that Brandon "solicited [her] to enter a Master-submissive domination relationship of sexual nature" and that the "University made a GLAAD[3] game hiring of Richard Brandon in order to subordinate [her] into a gay, unilateral Master relationship." *Id.* at 3, 5.

In addition to the fact that Plaintiff's allegations are incoherent and confusing, she provides no evidence that any alleged harassment occurred "because of" her sex.

---

[3] GLAAD is the Gay Lesbian Alliance Against Defamation.

In addition, there is no evidence in the record that shows that any "harassing behavior was 'severe or pervasive' enough to create an environment that a reasonable person would fine objectively hostile or abusive, and that [ ] she subjectively regarded the environment as abusive." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008).

## II. Quid Pro Quo Sexual Harassment

Title VII provides relief for quid pro quo sexual harassment. *See Highlander v. K.F.C. Nat. Mgmt. Co.*, 805 F.2d 644, 648 (6th Cir. 1986). The Sixth Circuit has stated that

> [w]hat is commonly known as quid pro quo sexual harassment, to be contrasted with so-called hostile-work-environment sexual harassment, is anchored in an employer's sexually discriminatory behavior which compels an employee to elect between acceding to sexual demands and forfeiting job benefits, continued employment or promotion, or otherwise suffering tangible job detriments.

*Souther v. Posen Constr., Inc.*, 523 Fed. Appx. 352, 354 (6th Cir. 2013).

To succeed on such a claim, Plaintiff must prove that she

> was subjected to unwelcome[ ] sexual harassment in the form of sexual advances or requests for sexual favors and that submitting to these demands or advances was an express or implied condition for receiving job benefits, or that refusing to submit resulted in a tangible job detriment.

*Id.* (quoting *Highlander*, 805 F.3d at 648).

Plaintiff provides nothing but bare legal conclusions. She has not alleged "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Disparate treatment

To establish a prima facie case of gender-based disparate treatment, Plaintiff must show that she: (1) is a member of a protected class; (2) was subjected "to an adverse employment action"; (3) was "qualified for the job"; and (4) "treated differently than similarly situated male employees for the same or similar conduct." *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004). Again, as stated above, Plaintiff fails to set forth "factual assertions tying the misconduct to the defendants sued." *Johnson v. Tennessee*, 2012 WL 2064453, at *3 (E.D. Tenn. Jun. 6, 2012).

### IV. Obstruction of justice

Obstruction of justice is a criminal offense. Plaintiff, as a private citizen, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because this Court has no authority to order the filing of a criminal complaint, it lacks jurisdiction over this claim, and dismisses it accordingly. *See Schied v. Daughtery*, 2009 WL 818095, at *4 (E.D. Mich. Mar. 25, 2009).

### V. Motions for Sanctions

Plaintiff asks the Court to impose sanctions on Defendants. She claims that defense counsel incorrectly asserted that he is not authorized to accept service on behalf of Defendants Bollinger and Brandon. Furthermore, she claims that sanctions

are warranted because Defendants have "pretend[ed] Plaintiff is a cooperative tool and funding account within the institution, without actual life, serving their unilateral court needs and death imagery productions." (Dkt. 16).

In addition to the fact that Plaintiff's positions are nonsensical and incomprehensible, Plaintiff has presented no evidence indicating that Defendants, or their counsel, have engaged in bad-faith conduct. *See Plastech Holding Corp. v. WM Greentech Automotive Corp.*, 257 F.Supp.3d 867, 872 (E.D. Mich. 2017). Neither Defendants nor defense counsel have acted unreasonably or in violation of Fed. R. Civ. P. 11. *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986). Plaintiff's Motions for Sanctions are therefore **DENIED**.

## CONCLUSION

Plaintiff's complaint largely fails to plead facts sufficient to show that a legal wrong has been committed for which the Court may grant Plaintiff relief. *See Dekoven v. Bell*, 140 F.Supp. 2d 748, 755 (E.D. Mich. 2001). It's worth noting, too, that, given that Plaintiff appears to complain of conduct that occurred 16 years ago, her claims are almost certainly time-barred.[4] Accordingly,

**IT IS ORDERED** that Plaintiff's claim for obstruction of justice is **DISMISSED**.

---

[4] There is a three year statute of limitations available under the ELCRA. *Marin v. Bloom Roofing System, Inc.*, 795 F.Supp.2d 634, 646 (E.D. Mich. 2011); M.C.L. § 600.5805(10). "Title VII has an administrative exhaustion requirement as well as a shorter statute of limitations period." *Schmitt v. Solvay Pharmaceuticals, Inc.*, No. 06-11791, 2007 WL 3173323, at *5 (E.D. Mich. Oct. 29, 2007).

**IT IS FURTHER ORDERED** that Plaintiff must show cause as to why the Court should not *sua sponte* dismiss the complaint for failure to state a claim upon which relief can be granted against the Defendants. Plaintiff's response must be filed on or before **Friday, July 27, 2018**. The response shall identify how Plaintiff will amend her complaint so as to state a viable claim against the Defendants and show cause as to why this Court should not dismiss Plaintiff's claims.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff seeks entry of default, that request is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Sanctions [15, 16] are **DENIED**.

**SO ORDERED**.

Dated: July 12, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge